WASHBURN v MAKEDONSKY

Docket No. 258769. Submitted May 2, 2006, at Grand Rapids. Decided May 9, 2006, at 9:05 a.m.

Gary Washburn brought an action in the Kent Circuit Court against Michael Makedonsky, seeking to recover unpaid principal and interest under a usurious note of which the plaintiff was the lender and the defendant was a guarantor. The plaintiff moved for partial summary disposition, contending that the defendant, as guarantor, cannot invoke the usury defense under MCL 438.32. The defendant moved for partial summary disposition, arguing that res judicata arising from a prior action involving the parties barred the instant action. The court, Donald A. Johnston, J., denied both motions, but ruled that MCL 438.32 barred the plaintiff from any recovery.

The Court of Appeals *held*:

1. The circuit court properly determined that MCL 438.32 bars a usurious lender from recovering any interest, official fees, delinquency or collection charge, attorney fees, or court costs from the borrower as well as from a guarantor.

2. The defendant's cross-appeal need not be addressed in light of the fact that the plaintiff is barred from any recovery from the defendant.

Affirmed.

DEBTOR AND CREDITOR — USURIOUS LOANS — GUARANTORS.

A usurious lender is barred by statute from recovering any interest, official fees, delinquency or collection charge, attorney fees, or court costs from the borrower or a guarantor (MCL 438.32).

*Visser & Bolhouse, P.C.* (by *Donald R. Visser*), for the plaintiff.

*Nantz, Litowich, Smith & Girard* (by *Harold E. Nelson*) for the defendant.

Before: METER, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. Plaintiff Gary Washburn appeals by right the trial court's order denying his motion for partial summary disposition and granting partial summary disposition to defendant. We affirm.

This case arises out of a November 1995 loan transaction between plaintiff and defendant's sister, Mary Michailoff, the note for which defendant signed as a guarantor. After a dispute arose over payment under the note, plaintiff and others filed suit against Michailoff and defendant. As this Court previously explained:

> Defendant Mary Michailoff executed a $40,000 promissory note payable to plaintiff Washburn, with an interest rate of ten percent and monthly payments of $667. Defendant Michael Makedonsky signed the note as guarantor. The note contained an acceleration clause that allowed the holder of the note to demand immediate payment of the entire debt upon a failure to make any payment within thirty days of its due date. Plaintiff Washburn assigned the note to plaintiffs Janet VanTubergen and Patricia Williams, and later also assigned the note to his ex-wife. [Michailoff] withheld further payments until the proper holder of the note was determined. Plaintiff Washburn revealed that he still had possession of the note, and he then turned it over to plaintiffs VanTubergen and Williams. A dispute then arose between the parties regarding how much was owed in back payments. The trial court, in a separate action, determined that $6,003 was owed in back payments. Defendant Michailoff paid this amount within thirty days. Plaintiffs then brought the instant action, seeking to accelerate the debt because defendant Michailoff had been over thirty days late on several payments.

Plaintiffs moved for summary disposition under MCR 2.116(C)(10), arguing that no factual dispute existed and that they were entitled to accelerate the debt under the terms of the promissory note. However, the trial court refused to enforce the acceleration clause, holding:

> "All payments have been timely made except those excused by the plaintiffs or during a period when defendants had a legitimate right to withhold payment until a

correct payee could be determined or during a one-month period when there was a good faith dispute as to the amount in arrears."

The trial court then granted summary disposition in favor of defendants under MCR 2.116(I)(2). [*Washburn v Michailoff*, 240 Mich App 669, 670-672; 613 NW2d 405 (2000).]

Plaintiff appealed the trial court's refusal to enforce the acceleration clause; defendant and Michailoff cross-appealed the trial court's denial of their motion for attorney fees under MCL 438.32. *Washburn, supra* at 672, 674. This Court upheld the trial court's refusal to enforce the acceleration clause for the reasons noted above by the trial court. *Id.* at 673. This Court also noted that the "parties do not dispute that the promissory note charged a usurious interest rate," *Washburn, supra* at 674, and further determined that, although the borrower, Michailoff, was entitled to recover her attorney fees pursuant to MCL 438.32, defendant, as a guarantor only of that note, was not entitled to recover attorney fees. *Washburn, supra* at 674-676. The Court explained that the operative statutory language that expressly provides that "the borrower," MCL 438.32, shall be entitled to recover attorney fees and court costs from a lender entering into a usurious agreement benefits borrowers only and does not extend to guarantors. *Id.* at 676-677.

In 2003, plaintiff filed this action against defendant seeking to recover unpaid principal and interest under the admittedly usurious note. Plaintiff alleged that Michailoff had failed to make payment in full under the promissory note;[1] plaintiff further asserted that a guarantor is not entitled to invoke a usury defense; conse-

---

[1] This is apparently in dispute, as Michailoff submitted an affidavit in the trial court in which she averred that she paid the note in full in March 2001.

quently he was entitled to recover the entire balance, including interest, late fees, attorney fees, and other costs, from defendant. Plaintiff moved for partial summary disposition on this ground. The trial court denied that motion, concluding that the plain language of MCL 438.32 bars plaintiff from recovering usurious interest not only from the borrower, but also from the guarantor. Plaintiff asserts that this was in error. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Miller v Farm Bureau Mut Ins Co*, 218 Mich App 221, 233; 553 NW2d 371 (1996). The proper construction of a statute is a question of law that this Court also reviews de novo. *Haworth, Inc v Wickes Mfg Co*, 210 Mich App 222, 227; 532 NW2d 903 (1995).

MCL 438.32 provides:

> Any seller or lender or his assigns who enters into any contract or agreement which does not comply with the provisions of this act or charges interest in excess of that allowed by this act *is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs* and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns. [Emphasis added.]

As this Court noted in *Washburn, supra* at 674, "This statute is a forfeiture provision that is intended to penalize a lender attempting to enforce a usurious contract."

The primary goal of statutory interpretation is to give effect to the Legislature's intent, looking first to the language of the statute itself and giving the words contained therein their plain and ordinary meaning. *Id.* at 676. "The Legislature is presumed to have intended the meaning it plainly expressed. Nothing will be read into a clear statute that is not within the manifest

intention of the Legislature as derived from the language of the statute itself." *Polkton Twp v Pellegrom*, 265 Mich App 88, 102; 693 NW2d 170 (2005) (citations omitted).

Plaintiff does not dispute that the note provides for a usurious interest rate. Plaintiff argues, though, that MCL 438.32 does not afford a usury defense to defendant guarantor of that note. Contrary to this assertion, however, MCL 438.32 specifically provides that a lender who charges interest in excess of that permitted by the usury act is "barred from the recovery of *any* interest" and other specified fees and costs. (Emphasis added.) MCL 438.32 does not merely preclude the recovery of usurious interest from the borrower, it also precludes the recovery of *any* interest on the usurious note. While the Legislature specifically provided that only "the borrower or buyer" was entitled to recover attorney fees against a usurious lender, as this Court discussed in *Washburn, supra* at 674-677, the Legislature did not so limit its prohibition against a lender recovering usurious interest. The omission of language in one part of a statute that is included in another part should be construed as intentional, and the courts should not include provisions not included by the Legislature. *Polkton, supra* at 103. Plaintiff would have this Court insert the words "from the borrower" into MCL 438.32, so that it would read that a usurious lender is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs only *from the borrower*. This Court is not permitted to do so. The Legislature's intent, as clearly and unambiguously expressed by the plain language of MCL 438.32 is that a usurious lender is barred from the recovery of *any interest*.[2] Therefore, the trial court

---

[2] Plaintiff asserts that this result is unjust because it deprives him of the benefit of his bargain with the borrower; however, because the benefit

properly concluded that plaintiff is barred from recovering interest from defendant.

Defendant cross-appeals the trial court's earlier denial of his motion for summary disposition on the basis of res judicata. Because we find that the trial court properly determined that plaintiff is barred from the recovery of any interest or other specified costs from defendant by the plain language of MCL 438.32, we need not address defendant's cross-appeal.

We affirm.

---

of his bargain was illegal, depriving him of that benefit is exactly what Michigan's usury act was intended to do.