THE BIG L CORPORATION v
COURTLAND CONSTRUCTION COMPANY

Docket No. 271880. Submitted December 5, 2007, at Grand Rapids.
Decided April 1, 2008, at 9:05 a.m. Leave to appeal sought.

The Big L Corporation, a supplier of construction materials, brought an
action in the Kent Circuit Court against general contractor Courtland
Construction Company, homeowners Mark E. and Amanda B. Mc-
Dowell, the Homeowner Construction Lien Recovery Fund, and
others, seeking recovery through a recorded construction lien of
$19,000 owed to it for construction materials. Courtland had pro-
vided the McDowells' bank with several unnotarized statements
listing amounts owed to the various subcontractors involved in the
construction of the McDowells' house, and the bank had made
payments to Courtland pursuant to the statements. The plaintiff had
filed its notice of furnishing more than 20 days after first furnishing
materials and after Courtland's last unnotarized statement. The
court, James R. Redford, J., entered a judgment in favor of the
plaintiff, ruling that the unnotarized statements were not in compli-
ance with MCL 570.1110(4) of the Construction Lien Act (CLA) and
that the plaintiff's late filing of its notice of furnishing did not defeat
the plaintiff's right to a lien. The Homeowner Construction Lien
Recovery Fund appealed.

The Court of Appeals *held*:

Courtland's statements substantially complied with the re-
quirements of MCL 570.1110(4) of the CLA, and the plaintiff's
failure to file a notice of furnishing within 20 days of first
furnishing materials, as required by MCL 570.1109(6) of the CLA,
served to defeat the plaintiff's right to a lien.

1. A general contractor's statement need only *substantially*
comply with the requirements of MCL 570.1110(4). Courtland's
statements, although unnotarized, satisfied the rest of the statu-
tory requirements by naming each subcontractor, supplier, and
laborer under contract with Courtland, by identifying the type of
improvement furnished by each subcontractor, supplier, and la-
borer, and by stating the total contract price, the amount already
paid to each subcontractor, supplier, and laborer, and the amount
currently owed each subcontractor, supplier, and laborer.

2. If a homeowner makes payments to a general contractor pursuant to the contractor's statement or a waiver of lien, the failure by a subcontractor, supplier, or laborer to provide a timely notice of furnishing materials or labor defeats it right to a lien. MCL 570.1109(6).

3. The plaintiff is entitled to $4,901.11 for materials furnished after Courtland's last statement, in view of the fact that the Homeowner Construction Lien Recovery Fund has agreed to pay that amount to the plaintiff. On remand, a judgment in that amount for the plaintiff and against the fund is to be entered by the trial court.

Reversed and remanded.

1. LIENS — CONSTRUCTION LIENS — GENERAL CONTRACTORS — SWORN STATE-
   MENTS — CONSTRUCTION LIEN ACT — SUBSTANTIAL COMPLIANCE.

   A general contractor's sworn statement need only substantially, not strictly, comply with the requirements of the Construction Lien Act (MCL 570.1110[4]).

2. LIENS — CONSTRUCTION LIENS — SUBCONTRACTORS, SUPPLIERS, AND LABORERS
   — CONSTRUCTION LIEN ACT — NOTICES OF FURNISHING.

   If a homeowner makes payments to a general contractor pursuant to the contractor's sworn statement or a waiver of lien, the failure by a subcontractor, supplier, or laborer to provide a notice of furnishing within 20 days of first furnishing materials or labor defeats its right to a construction lien (MCL 570.1109[6]).

*Hanes & Associates, PLLC* (by *Patrick D. Hanes* and *Kelly L. Komray*), for The Big L Corporation.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Kelley T. McClean*, Assistant Attorney General, for the Homeowner Construction Lien Recovery Fund.

Before: BANDSTRA, P.J., and METER and BECKERING, JJ.

PER CURIAM. In this action filed pursuant to the Construction Lien Act (CLA), MCL 570.1101 *et seq.*, defendant Homeowner Construction Lien Recovery

Fund appeals as of right the trial court's June 29, 2006, judgment in favor of plaintiff The Big L Corporation. We reverse and remand.

In 2001, Mark and Amanda McDowell contracted with Courtland Construction Company to build a house. Courtland, a general contractor, contracted with plaintiff, a subcontractor,[1] to supply materials for the house. During construction, Courtland provided the McDowells' bank with nine "Sworn Statements" listing the subcontractors Courtland contracted with, the improvements they furnished, the total contract price, the amount already paid, and the amount owed to each.[2] These Sworn Statements were signed and dated by a Courtland officer as the named "Deponent," but none was notarized. The McDowells' bank paid Courtland pursuant to the statements. Although Courtland received the full contract price from the bank, Courtland failed to pay plaintiff in full for the materials it supplied. Courtland owed plaintiff a balance of $19,000, including $4,901.11 for materials furnished after February 19, 2002, the date of Courtland's last Sworn Statement. On June 19, 2002, plaintiff provided its first notice of furnishing and recorded a construction lien on the McDowells' house.

On appeal, the Homeowner Construction Lien Recovery Fund (defendant) claims that because the McDowells' bank made payments to Courtland pursuant to Courtland's Sworn Statements, plaintiff's right to a construction lien was defeated by its failure to submit a timely notice of furnishing. According to defendant,

---

[1] We will use the term "subcontractor" to refer to both subcontractors and suppliers.

[2] Although the statements were not notarized, they were titled "Sworn Statements," and thus, they will be referred to by their title herein.

Courtland's unverified Sworn Statements substantially complied with the requirements of MCL 570.1110(4). Resolution of this issue involves the construction of the CLA. The proper construction of a statute is a question of law, which we review de novo. *Washburn v Makedonsky*, 271 Mich App 95, 98; 718 NW2d 842 (2006).

In *Vugterveen Sys, Inc v Olde Millpond Corp*, 454 Mich 119, 121; 560 NW2d 43 (1997), our Supreme Court stated that the purpose of the CLA is "to protect the interests of contractors, workers, and suppliers through construction liens, while protecting owners from excessive costs." The Court further stated that the act "is to be liberally construed to effectuate these purposes." *Id.* The CLA creates an exchange of information between the property owner, the general contractor, and the subcontractors. *Id.* The owner must file a notice of commencement before any improvement is made to the property and, in most cases, subcontractors must provide a notice of furnishing to the owner and general contractor within 20 days of first furnishing labor or materials. MCL 570.1108(1); MCL 570.1109(1); *Vugterveen, supra* at 122. The purpose of the notice of furnishing is to notify the owner that a subcontractor is improving the property and to alert the owner to the possibility of a lien. *Id.* at 122, 131.

The CLA also provides owners with information by requiring general contractors to make sworn statements itemizing their bills. MCL 570.1110(1); *Vugterveen, supra* at 123. A sworn statement notifies the owner of each subcontractor, supplier, and laborer with whom the general contractor contracted. MCL 570.1110(4). "Thus, the owner can rely on a sworn statement as a comprehensive list of potential lien

claimants." *Vugterveen, supra* at 123. The purpose of a sworn statement is "to enable the homeowner to retain out of any money due or to become due to the contractor an amount sufficient to pay the subcontractors," suppliers, and laborers. *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 510; 667 NW2d 379 (2003) (internal quotation marks and citation omitted). An owner may also use a "sworn statement . . . to avoid the claim of a subcontractor, unless the subcontractor has provided a notice of furnishing." *Vugterveen, supra* at 123-124. A subcontractor's failure to provide a timely notice of furnishing defeats its right to a lien for labor and material furnished before the notice was provided, but only if the owner made payments to the general contractor pursuant to the contractor's sworn statement or a waiver of lien. MCL 570.1109(6); *Vugterveen, supra* at 122-123.

MCL 570.1110(4) requires that a sworn statement be in "substantially the following form" as set forth in the statute. Pursuant to the statute's exemplar form, the sworn statement must list: (1) the name of each subcontractor, supplier, and laborer with whom the general contractor contracted; (2) the type of improvement furnished by each; (3) the total contract price; (4) the amount already paid to each; and (5) the amount currently owing to each.[3] It must also be subscribed and sworn to before a notary public. *Id.*

This Court has previously ruled that a general contractor's sworn statement need only substantially comply with MCL 570.1110(4). See *Alan Custom Homes, supra* at 510 (determining that "the CLA's 'substantial compliance' provision is applicable to the notice requirement in MCL 570.1110(8)," which is currently

---

[3] The current statutory version of the exemplar form contains minor additional requirements that are irrelevant to this matter.

subsection [9]); *Horton v Verhelle*, 231 Mich App 667, 675; 588 NW2d 144 (1998), overruled on other grounds *Smith v Globe Life Ins Co*, 460 Mich 446 (1999) (stating that a sworn statement must be in substantially the same form as outlined in MCL 570.1110[4]). "It is a cardinal rule of statutory construction that a clear and unambiguous statute warrants no further interpretation and requires full compliance with its provisions, as written." *Northern Concrete Pipe, Inc v Sinacola Cos—Midwest, Inc*, 461 Mich 316, 320; 603 NW2d 257 (1999). In the CLA, however, the Legislature provided an exception to this rule by way of the "substantial compliance" provision, MCL 570.1302(1). *Northern Concrete Pipe, supra* at 320-321. While this provision is limited in its application, notice provisions such as MCL 570.1110(4) are well suited to a "substantial compliance" application. *Northern Concrete Pipe* at 321-323; *Alan Custom Homes, supra* at 510. Moreover, failure to apply the "substantial compliance" provision to a sworn statement would violate the plain language of MCL 570.1110(4). The Legislature only required that a sworn statement be in substantially the same form as outlined in MCL 570.1110(4). See *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000) ("Each word of a statute is presumed to be used for a purpose, and, as far as possible, effect must be given to every clause and sentence.").

We agree with defendant that the unverified Sworn Statements Courtland provided to the McDowells' bank substantially complied with the requirements of MCL 570.1110(4). All nine of Courtland's statements were fully compliant with the form outlined in MCL 570.1110(4), including being signed and dated, except that they were not sworn to before a notary. In *Horton, supra* at 676, this Court concluded that "a contractor's statement that is neither signed nor sworn is not a

'sworn' statement as required by subsection 110(4)." The statement in that case was also not dated. More recently, however, this Court found that an unverified statement that is otherwise adequate substantially complies with "the statutory notice requirement of MCL 570.1110(8)," which is currently subsection 9, because it "still gives the owner notice of who the subcontractors [suppliers, and laborers] are and the amount owing to each for the materials and labor supplied." *Alan Custom Homes, supra* at 510-511. "That a statement is not sworn before a notary does not defeat the notice purpose of the statement." *Id.* at 510. Because Courtland's statements were signed and dated by a Courtland officer, and provided notice of who the subcontractors, suppliers, and laborers were and the amounts owed to each, the statements substantially complied with MCL 570.1110(4).[4] Therefore, because plaintiff did not provide a notice of furnishing until after February 19, 2002, the date of Courtland's last

---

[4] Plaintiff argues that holding that an unverified statement is substantially compliant with MCL 570.1110(4) will create the potential for abuse by general contractors. According to plaintiff, general contractors will no longer be deterred from submitting false statements because they will no longer be subject to criminal prosecution for perjury. We find, however, that the applicable criminal penalties contained in the CLA and the Michigan building contract fund act (MBCFA), MCL 570.151 *et seq.*, will sufficiently deter general contractors from providing false sworn statements even absent the threat of prosecution for perjury. The CLA provides that a contractor who submits a false sworn statement, with the intent to defraud, is guilty of a crime. MCL 570.1110(11). Such a contractor may be guilty of a felony, punishable by up to ten years' imprisonment and a fine of up to $15,000 or three times the amount stated in the false statement. *Id.* In addition, the MBCFA provides that a contractor who, with intent to defraud, retains or uses payments for a purpose other than to first pay subcontractors, suppliers, or laborers, with the intent to defraud, shall be guilty of a felony. MCL 570.152. Such a felony is punishable by a fine of not less than $100 and not more than $5,000, along with a term of imprisonment for not less than six months and not more than three years. *Id.*

Sworn Statement, its claim of lien for materials furnished before that date is defeated by the untimely notice. MCL 570.1109(6).

Because the trial court held that an unverified statement does not substantially comply with MCL 570.1110(4), we reverse the court's June 29, 2006, judgment in favor of plaintiff. But because defendant has agreed to pay plaintiff $4,901.11 for materials furnished after February 19, 2002, we remand for entry of judgment in this amount against defendant.

Reversed and remanded. We do not retain jurisdiction.