# Order

Michigan Supreme Court
Lansing, Michigan

December 12, 2008

Clifford W. Taylor,
Chief Justice

136420

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

BIG L CORPORATION,
        Plaintiff-Appellant,

v

COURTLAND CONSTRUCTION COMPANY,
DAVID J. ZIOMKOWSKI, MARY K.
ZIOMKOWSKI, MARK E. McDOWELL,
AMANDA B. McDOWELL, COUNTRYWIDE
HOME LOANS, INC., MARVIN J. BERKENPAS
BUILDER, INC., MID-MICHIGAN CEILINGS &
DRYWALL, INC., and GRAND BANK
MORTGAGE COMPANY,
        Defendants,
and

HOMEOWNER CONSTRUCTION LIEN
RECOVERY FUND,
        Defendant-Appellee.

SC: 136420
COA: 271880
Kent CC: 03-003563-CH

_____/

On order of the Court, the application for leave to appeal the April 1, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE that portion of the judgment of the Court of Appeals that cites *Vugterveen Sys, Inc v Olde Millpond Corp*, 454 Mich 119, 121 (1997), for the applicable rule of statutory interpretation. Although the Court of Appeals correctly stated that the Construction Lien Act (CLA) is to be liberally construed to effectuate the purposes of the act and that substantial compliance is sufficient, MCL 570.1302(1), it improperly relied on *Vugterveen*, rather than MCL 570.1302(1), for those rules of statutory interpretation. *Big L Corp v Courtland Constr Co*, 278 Mich App 438, 441 (2008). In all other respects, the application for leave to appeal is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

CORRIGAN, J. (*concurring in part and dissenting in part*).

I concur in the order striking the Court of Appeals' citation of *Vugterveen Sys, Inc v Olde Millpond Corp*, 454 Mich 119, 121 (1997), for the applicable rule of statutory interpretation. I dissent, however, because I do not think that eliminating the requirement of notarization, rendering the statement furnished by the contractor in essence a mere notice, can be "substantial compliance" under MCL 570.1110. The Legislature placed "notice" provisions and a sample notice in MCL 570.1109; it put sworn statement provisions in MCL

570.1110. In MCL 570.1110, our Legislature mentioned "sworn statement" 33 times. It provides a sample "sworn statement" and creates penalties for making false sworn statements with intent to defraud. In concluding that swearing is no longer necessary under this section, we obliterate the distinction between notice in §1109 and "sworn statement" in §1110 that the Legislature crafted. I do not think that either the familiar tenets of "liberal construction" or "substantial compliance" really allow us to go so far as to obliterate the carefully crafted distinctions between notices in §1109 and sworn statements in §1110.

The Construction Lien Act (CLA), MCL 570.1101 *et seq*., which took effect on January 1, 1982, "was intended to protect the interests of contractors, workers, and suppliers through construction liens, while protecting owners from excessive costs." *Vugterveen*, *supra* at 121. To that end, a contractor must submit a sworn statement to an owner when payment is due or demanded, identifying each subcontractor, supplier, and laborer and the amounts owed, and "the owner can rely on a sworn statement as a comprehensive list of potential lien claimants." *Vugterveen*, *supra* at 123; MCL 570.1110(1), (4). An owner or contractor may also rely on a sworn statement as a defense against a subcontractor's claim of lien, unless the subcontractor has submitted a timely notice of furnishing. *Id*. at 123-124; MCL 570.1110(7). The Homeowner Construction Lien Recovery Fund was statutorily created "to provide payment to subcontractors or suppliers when a homeowner has already paid a contractor once in full for an improvement to his house but the contractor misused or misappropriated the money without first paying the supplier." *Erb Lumber, Inc v Gidley*, 234 Mich App 387, 391 (1999).

In this case, plaintiff subcontractor filed suit, seeking recovery from defendant Homeowner Construction Lien Recovery Fund. The trial court granted a judgment for plaintiff, ruling that the contractor's "sworn statements," which provided notice of the identity of the subcontractors, suppliers, and laborers, and the amounts owed to each, did not substantially comply with the CLA, MCL 570.1110(4), because they were not notarized. Therefore, plaintiff's late filing of a claim of lien did not defeat its right to a lien. The Court of Appeals reversed in a published opinion. *Big L Corp v Courtland Construction Co*, 278 Mich App 438 (2008). The panel held that the "sworn statements" substantially complied with the CLA even though they were not notarized. It observed that because the statements were signed and dated, they fulfilled the statute's "sworn statement" requirement by providing the owner with notice of the identity of the subcontractors, suppliers, and laborers and the amount owed to each for materials and labor. It concluded that because the "sworn statements" substantially complied with MCL 570.1110(4), plaintiff's claim of lien for materials furnished before the date of its notice was defeated because the notice was untimely. *Big L*, *supra* at 444-445.

In ruling that an unsworn statement was not in substantial compliance with MCL 570.1110, the trial court properly looked to the statutory language itself. It compared MCL 570.1110, which requires contractors and subcontractors to furnish a "sworn statement," under certain circumstances, with MCL 570.1109, which governs the requirement of subcontractors and laborers to provide a "notice of furnishing." MCL 570.1110 provides, in part:

(1) A contractor shall provide a *sworn statement* to the owner or lessee in each of the following circumstances:

(a) When payment is due to the contractor from the owner or lessee or when the contractor requests payment from the owner or lessee.

(b) When a demand for the *sworn statement* has been made by or on behalf of the owner or lessee.

(2) A subcontractor shall provide a *sworn statement* to the owner or lessee when a demand for the *sworn statement* has been made by or on behalf of the owner or lessee and, if applicable, the owner or lessee has complied with the requirements of subsection (6).

(3) A subcontractor shall provide a *sworn statement* to the contractor when payment is due to the subcontractor from the contractor or when the subcontractor requests payment from the contractor.

(4) A *sworn statement* shall list each subcontractor and supplier with whom the person issuing the *sworn statement* has contracted relative to the improvement to the real property. The *sworn statement* shall contain a list of laborers with whom the person issuing the *sworn statement* has contracted relative to the improvement to the real property and for whom payment for wages or fringe benefits and withholdings are due but unpaid and the itemized amount of such wages or fringe benefits and withholdings. The *sworn statement* shall be in substantially the following form:

**Sworn Statement**

State of Michigan )
                     ) ss.
County of ................)

................ (deponent), *being sworn*, states the following:
................ is the (contractor)(subcontractor) for an improvement to the following real property in
................ County, Michigan,
described as follows:
……………………………………………………………………………………
(insert legal description of property)
The following is a statement of each subcontractor and supplier, and laborer for whom payment of wages or fringe benefits and withholdings is due but unpaid, with whom the (contractor)(subcontractor) has (contracted)(subcontracted) for performance under the contract with the owner or lessee of the property, and the

amounts due to the persons as of the date of this statement are correctly and fully set forth opposite their names:

| Name, address, and telephone number of subcontractor supplier, or laborer | Type of improvement furnished | Total contract price | Amount already paid | Amount currently owing | Balance to complete (optional) | Amount of laborer wages due but unpaid | Amount of laborer fringe benefits and withholdings due but unpaid |
|---|---|---|---|---|---|---|---|

……………………………………………………………………………………………………………....
Totals
(Some columns are not applicable to all persons listed)

The contractor has not procured material from, or subcontracted with, any person other than those set forth and owes no money for the improvement other than the sums set forth.

I make this statement as the (contractor) (subcontractor) or as .......... of the (contractor) (subcontractor) to represent to the owner or lessee of the property and his or her agents that the property is free from claims of construction liens, or the possibility of construction liens, except as specifically set forth in this statement and except for claims of construction liens by laborers that may be provided under section 109 of the construction lien act, 1980 PA 497, MCL 570.1109.

WARNING TO OWNER OR LESSEE: AN OWNER OR LESSEE OF THE PROPERTY SHALL NOT RELY ON THIS *SWORN STATEMENT* TO AVOID THE CLAIM OF A SUBCONTRACTOR, SUPPLIER, OR LABORER WHO HAS PROVIDED A NOTICE OF FURNISHING OR A LABORER WHO MAY PROVIDE A NOTICE OF FURNISHING UNDER SECTION 109 OF THE CONSTRUCTION LIEN ACT, 1980 PA 497, MCL 570.1109, TO THE DESIGNEE OR TO THE OWNER OR LESSEE IF THE DESIGNEE IS NOT NAMED OR HAS DIED.

IF THIS *SWORN STATEMENT* IS IN REGARD TO A RESIDENTIAL STRUCTURE, ON RECEIPT OF THE *SWORN STATEMENT*, THE OWNER OR LESSEE, OR THE OWNER'S OR LESSEE'S DESIGNEE, MUST GIVE NOTICE OF ITS RECEIPT, EITHER IN WRITING, BY TELEPHONE, OR PERSONALLY, TO EACH SUBCONTRACTOR, SUPPLIER, AND LABORER WHO HAS PROVIDED A NOTICE OF FURNISHING UNDER SECTION 109 OR, IF A NOTICE OF FURNISHING IS EXCUSED UNDER SECTION 108 OR 108A, TO EACH SUBCONTRACTOR, SUPPLIER, AND LABORER NAMED IN THE *SWORN STATEMENT*. IF A SUBCONTRACTOR, SUPPLIER, OR LABORER WHO IS ENTITLED TO NOTICE OF RECEIPT OF THE *SWORN STATEMENT* MAKES A REQUEST, THE OWNER, LESSEE, OR DESIGNEE SHALL PROVIDE THE

REQUESTER A COPY OF THE *SWORN STATEMENT* WITHIN 10 BUSINESS DAYS AFTER RECEIVING THE REQUEST.

.................
Deponent

WARNING TO DEPONENT: A PERSON WHO GIVES A FALSE *SWORN STATEMENT* WITH INTENT TO DEFRAUD IS SUBJECT TO CRIMINAL PENALTIES AS PROVIDED IN SECTION 110 OF THE CONSTRUCTION LIEN ACT, 1980 PA 497, MCL 570.1110.

Subscribed and *sworn* to before me on .......... (DATE)

_____
Notary Public,……..County, Michigan.

My commission expires: .......................

(5) The contractor or subcontractor is not required to list in the *sworn statement* material furnished by the contractor or subcontractor out of his or her own inventory that was not purchased specifically for performing the contract.

(6) On receipt of a *sworn statement* regarding an improvement to a residential structure, the owner, lessee, or designee shall give notice of its receipt, either in writing, by telephone, or personally, to each subcontractor, supplier, and laborer who has provided a notice of furnishing under section 109 or, if a notice of furnishing is excused under section 108 or 108a, to each subcontractor, supplier, and laborer named in the *sworn statement*. If a subcontractor, supplier, or laborer entitled to notice under this subsection requests a copy of the *sworn statement*, the owner, lessee, or designee shall provide the requester a copy within 10 business days after receiving the request.

(7) After the contractor or subcontractor provides the *sworn statement*, the owner or lessee may withhold or, upon written demand from the contractor, shall withhold from the amount due or to become due to the contractor or to the subcontractor for work already performed an amount sufficient to pay all sums due to subcontractors, suppliers, or laborers, as shown by the *sworn statement*, or due to lien claimants who have provided a notice of furnishing under section 109.

(8) An owner, lessee, designee, mortgagee, or contractor may rely on a *sworn statement* prepared by a party other than himself or herself to avoid the claim of a subcontractor, supplier, or laborer unless the subcontractor, supplier, or laborer has provided a notice of furnishing as required under section 109 or unless the notice of furnishing is excused under section 108 or 108a.

(9) If a contractor fails to provide a *sworn statement* to the owner or lessee before recording the contractor's claim of lien, the contractor's construction lien

is not invalid. However, the contractor is not entitled to any payment, and a complaint, cross-claim, or counterclaim may not be filed to enforce the construction lien, until the *sworn statement* has been provided.

(10) If a subcontractor fails to provide a *sworn statement* under subsection (2) to the owner or lessee before recording the subcontractor's claim of lien, the subcontractor's construction lien is valid. However, a complaint, cross-claim, or counterclaim may not be filed to enforce the construction lien until the *sworn statement* has been provided.

(11) A contractor or subcontractor who desires to draw money and gives or causes to be given to any owner or lessee a *sworn statement* required by this section that is false, with intent to defraud, is guilty of a crime as follows: . . . . [Emphasis added.]

In contrast, MCL 570.1109 provides, in part:

(1) Except as otherwise provided in sections 108, 108a, and 301, a subcontractor or supplier who contracts to provide an improvement to real property shall provide a notice of furnishing to the designee and the general contractor, if any, as named in the notice of commencement at the address shown in the notice of commencement, either personally or by certified mail, within 20 days after furnishing the first labor or material.

(2) Except as otherwise provided in sections 108 and 108a, a laborer who contracts to provide an improvement to real property shall provide a notice of furnishing to the designee and the general contractor, if any, as named in the notice of commencement at the address shown in the notice of commencement, either personally or by mail, within 30 days after wages were contractually due but were not paid.

(3) Except as otherwise provided in sections 108 and 108a, a laborer who provides an improvement to real property shall provide a notice of furnishing to the designee and the general contractor, if any, named in the notice of commencement at the address shown in the notice of commencement, either personally or by certified mail, by the fifth day of the second month following the month in which fringe benefits or withholdings from wages were contractually due but were not paid.

(4) The notice of furnishing, if not given on the form attached to the notice of commencement, shall be in substantially the following form:

NOTICE OF FURNISHING

To: ..............................................................................................................

…….............................................................................................................
(address from notice of commencement)

Please take notice that the undersigned is furnishing to ........................................

............................................................................................................................
(name and address of other contracting party)
certain labor or material for ................................................................................,
(describe type of work)
in connection with the improvement to the real property described in the notice
of commencement recorded in liber .........................., on page .........,
............................................................................................records,
(name of county)
............................................................................................................................
or (a copy of which is attached hereto)

WARNING TO OWNER: THIS NOTICE IS REQUIRED BY THE MICHIGAN
CONSTRUCTION LIEN ACT. IF YOU HAVE QUESTIONS ABOUT YOUR
RIGHTS AND DUTIES UNDER THIS ACT, YOU SHOULD CONTACT AN
ATTORNEY TO PROTECT YOU FROM THE POSSIBILITY OF PAYING
TWICE FOR THE IMPROVEMENTS TO YOUR PROPERTY.

………………………………………
(name and address of lien claimant)

By…………………………………...
(name and capacity of party signing
for lien claimant)

………………………………………
(address of party signing)

Date: …………………………..

(5) The failure of a lien claimant to provide a notice of furnishing within
the time specified in this section shall not defeat the lien claimant's right to a
construction lien for work performed or materials furnished by the lien claimant
after the service of the notice of furnishing.

(6) The failure of a lien claimant, to provide a notice of furnishing within
the time specified in this section shall not defeat the lien claimant's right to a
construction lien for work performed or materials furnished by the lien claimant
before the service of the notice of furnishing except to the extent that payments

were made by or on behalf of the owner or lessee to the contractor pursuant to either a contractor's *sworn statement* or a waiver of lien in accordance with this act for work performed or material delivered by the lien claimant. This subsection does not apply to a laborer.

(7) The failure of a laborer to provide a notice of furnishing to the designee as required by subsection (2) shall defeat the laborer's lien for those wages for which the notice of furnishing is required.

(8) The failure of a laborer to provide a notice of furnishing to the designee as required by subsection (3) shall defeat the laborer's lien for those fringe benefits and withholdings for which the notice of furnishing is required.

(9) The failure of a laborer to provide a notice of furnishing to the general contractor within the time specified in subsection (2) or (3) shall not defeat the laborer's right to a construction lien, but the laborer shall be liable for any actual damages sustained by the general contractor as a result of the failure.

(10) One or more laborers may authorize an agent to prepare and serve a notice of furnishing in the manner provided in this section. Notice of furnishing under this section may contain the notice of furnishing of more than 1 laborer and shall contain the information required in subsection (4) as to each laborer for whom it is prepared. The notice of furnishing of each lien claimant under this subsection shall be considered by the court on its own merits.

The trial court compared MCL 570.1110 with MCL 570.1109 and observed that where the Legislature contemplated a notice requirement only, it simply used the word "notice." In contrast to MCL 570.1110, in which the words "sworn statement" appear more than 30 times, MCL 570.1109 contains no mention of sworn statements or notarization, and speaks only in terms of notice. In addition, MCL 570.1109(4) provides a sample "Notice of Furnishing" form, which includes spaces for the names and addresses of the contracting parties, descriptions of the work to be performed and the property, and for the signature of the lien claimant. This is in contrast to the jurat provided in MCL 570.1110(4). As the trial court also noted, both MCL 570.1109 and MCL 570.1110 took effect on January 1, 1982. The differences between the language of these provisions and the sample forms they provide suggest that the Legislature specifically intended to require a notarized statement in MCL 570.1110 and that submission of an unsworn statement cannot constitute substantial compliance with that requirement.

In light of the deliberate differences between these two provisions, I cannot agree with the Court of Appeals that a contractor substantially complies with the requirements of MCL 570.1110 when its unsworn "sworn" statement gives the owner notice of the identity of the subcontractors, suppliers, and labors, and the amount owed to each, but is not notarized. This Court has recognized in other contexts that swearing an oath before a notary means more than establishing one's identity. For example, as the Court of Appeals noted in *Horton v Verhelle*, 231 Mich App 667, 676 (1998), overruled on other grounds *Smith v Globe Life Ins Co*, 460

Mich 446 (1999), this Court has held that an affidavit that is neither signed nor sworn is not valid. *Prussing v Gen Motors Corp*, 403 Mich 366, 369-370 (1978); *People v Burns*, 161 Mich 169, 173 (1910).

I would also grant leave to appeal because the published Court of Appeals decision chooses between two prior conflicting Court of Appeals cases. In *Horton, supra* at 148, the Court held that "a contractor's statement that is neither signed nor sworn is not a 'sworn' statement as required by subsection 110(4)." In *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 510 (2003), the Court determined that an unverified statement substantially complied with the notice requirement of MCL 570.1110(8), because it gave the owner notice of the identity of the subcontractors, suppliers, and laborers, and the amount owed to each for labor and materials. Aside from noting that *Alan Custom Homes* was the more recent case, the Court did not explain its reasons for disregarding the reasoning in *Horton*. *Big L*, *supra* at 443-444.

Finally, I do not think footnote 4 of the Court of Appeals opinion, *id.* at 444 n 4, supports the Court's argument. In the footnote, the Court rejected plaintiff's argument that contractors will be more likely to submit false statements if they are not required to notarize their "sworn statements" because they will no longer be subjected to prosecution. The panel concluded that MCL 570.1110(11), which provides that a contractor who submits a false *sworn* statement is guilty of a crime, would "sufficiently deter general contractors from submitting false sworn statements even absent the threat of prosecution for perjury." *Big L*, *supra* at 444 n 4. I do not see how. If a contractor submits an unnotarized statement, the statement is not "sworn." The contractor could not be subject to the penalties under MCL 570.1110(11) because a crucial element of the offense is missing.

Accordingly, I dissent from this Court's order denying plaintiff's application for leave to appeal.

WEAVER, J., would deny leave to appeal because she is not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH and KELLY, JJ., join the statement of WEAVER, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 12, 2008

*Corbin R. Davis*

Clerk